UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re
Edris Crigler,

Case No. 2:24-cv-11672

Honorable Susan K. DeClercq
United States District Judge

_____/

**OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S ORDER GRANTING RELIEF FROM STAY AND DENYING MOTION FOR INJUNCTION (ECF No. 12)**

For years, Edris Crigler—who lives at 13831 Carlisle Street in Detroit, Michigan ("the Carlisle Property")—has been litigating the question of who owns the Carlisle Property. Between 2022 and 2023, three different Michigan state-court judgments have declared that Detroit Renaissance Fund, LLC (DRF) holds the legal right, title, and interest in the Carlisle Property.

In 2024—after DRF was declared the rightful owner of the Carlisle Property—Crigler filed a Chapter 7 petition for bankruptcy, listing DRF as a creditor. Under the Bankruptcy Code, as soon as she filed that petition, an automatic stay was imposed to pause any efforts by creditors outside of the bankruptcy forum to collect her pre-petition debts. *See* 11 U.S.C. § 362(a)(3).

DRF responded to Crigler's bankruptcy petition by filing a motion for relief from the automatic stay, arguing that it was not a creditor of Crigler's, but the owner of the Carlisle Property, upon which Crigler was trespassing by living there. The

Bankruptcy Court granted DRF's motion, finding that the state courts had indeed determined DRF was the legal owner of the Carlisle Property. The Bankruptcy Court thus lifted the automatic stay to the extent it might bar any efforts by DRF to recover possession of the property from Crigler. Crigler appealed the Bankruptcy Court's decision, which is now currently before this Court.

## I. BACKGROUND

Edris Crigler filed for Chapter 7 bankruptcy on May 31, 2024. *In re Crigler*, 24-45427-mar (Bankr. E.D. Mich.), Doc 1. In her filing, she listed Detroit Renaissance Fund LLC (DRF) as one of her creditors. *Id.*, Doc 1-2. Days later, DRF filed a Motion for Relief from the Automatic Stay and Entry of Order Waiving Provisions of FRB 4001(A)(3). *Id.*, Doc 13. In its motion, DRF claimed to be the legal owner of the Carlisle Property, where Crigler "is a trespasser." *Id.*, Doc 13 at Page 1. Accordingly, DRF argued, the Bankruptcy Court should waive the automatic stay so that DRF could "exercise its rights to pursue its state court remedies with respect to its interest in the subject property." *Id.*, Doc 13 at Page 2.

On June 17, 2024, Crigler filed an adversary proceeding against DRF, alleging that the Carlisle Property belonged to her, not DRF. *Crigler v. Detroit Renaissance Fund LLC*, 24-04171-mar (Bankr. E.D. Mich.), Doc 1. She then responded to DRF's motion for relief, arguing that the stay should remain in place and "the adversary

proceedings should continue to determine the rightful owner of the property." *In re Crigler*, 24-45427-mar, Doc 22 at Page 1–2.

The Bankruptcy Court held a hearing on DRF's motion, in which it considered the motion, Crigler's response, and records of three state-court judgments affirming that DRF was the legal owner of the Carlisle Property. ECF No. 4 at PageID.24. Finding that the issue of DRF's interest in the property had already been decided on the merits, fully resolved, and that the parties were identical or in privity with those across all three state-court proceedings, the Bankruptcy Court determined it was barred from relitigating ownership under the doctrine of *res judicata*. *Id.* Accordingly, the Bankruptcy Court waived the automatic stay provision of Bankruptcy Rule 4001(a)(3) as to DRF.

Now, Crigler appeals the Bankruptcy Court's order granting relief from the automatic stay. ECF No. 1.

## II. LEGAL STANDARD

### A. Appellate Review

The district court sits as an appellate court when reviewing decisions of the Bankruptcy Court. 28 U.S.C. § 158. When a bankruptcy-court order is appealed, the Bankruptcy Court's findings of fact are reviewed under a clearly erroneous standard, and its legal conclusions are reviewed de novo. *B-Line, LLC v. Wingerter* (*In re Wingerter*), 594 F.3d 931, 935–36 (6th Cir. 2010).

"The decision whether or not to lift the automatic stay resides within the sound discretion of the bankruptcy court." *Garzoni v. K-Mart Corp.* (*In re Garzoni*), 35 F. App'x 179, 181 (6th Cir. 2002). Therefore, a bankruptcy court's decision to lift the automatic stay is reviewed for an abuse of discretion. *Spierer v. Federated Dep't Stores, Inc.* (*In re Federated Dep't Stores, Inc.*), 328 F.3d 829, 836 (6th Cir. 2003); *see also In re Laguna Assocs. Ltd. P'ships*, 30 F.3d 734, 737 (6th Cir. 1994) (recognizing that district courts must review "a bankruptcy court's order granting or denying relief from an automatic stay only for abuse of discretion.") (citing *In re White*, 851 F.2d 170, 174 (6th Cir. 1988)); *Barlow v. M.J. Waterman & Assocs.* (*In re M.J. Waterman & Assocs.*), 227 F.3d 604, 607 (6th Cir. 2000) (citing *In re Zick*, 931 F.2d 1124, 1126 (6th Cir. 1991)) ("Equitable determinations are within the sound discretion of the bankruptcy judge and will not be disturbed absent abuse of discretion.").

An abuse of discretion is "a definite and firm conviction that the court below committed a clear error of judgment." *Barlow*, 227 F.3d at 607–08 (citing *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999)).

### B. Relief from Automatic Stay

"When a debtor files a petition for bankruptcy, the Bankruptcy Code protects the debtor's interests by imposing an automatic stay on efforts to collect prepetition debts outside the bankruptcy forum." *City of Chicago v. Fulton*, 592 U.S. 154, 156

(citing *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 40 (2020)). This stay pauses "any act . . . to exercise control over property" of the bankruptcy estate. *Id.* (quoting 11 U.S.C. § 362(a)(3)).

However, the Bankruptcy Code also allows creditors to seek relief from the automatic stay. 11 U.S.C. § 362(d); *see also* FED. R. BANKR. P. 4001. In particular, the bankruptcy court may grant relief from such a stay "for cause." 11 U.S.C. § 362(d)(1); *Garzoni*, 35 F. App'x at 181. This decision about whether "cause" exists to lift the automatic stay falls within the bankruptcy court's discretion, but the Sixth Circuit instructs judges to consider the following factors: (1) judicial economy; (2) trial readiness; (3) the resolution of preliminary bankruptcy issues; (4) the creditor's chance of success on the merits; and (5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors. *Garzoni*, 35 F. App'x at 181 (citing *In re United Imports, Inc.*, 203 B.R. 162, 167 (Bankr. D. Neb. 1996); *see also In re Jackson*, No. 25-43744-PRH, 2025 WL 1701227, at *13 (Bankr. E.D. Mich. June 17, 2025).

### III. ANALYSIS

The Bankruptcy Court granted relief from the automatic stay because Crigler was unlikely to succeed on the merits of her claim against DRF. *See* ECF No. 4 at PageID.24; *In re Crigler*, No. 24-45427, ECF No. 29. The order granting DRF relief from the automatic stay focuses on the fact that Crigler's interest in the Carlisle

Property had already been litigated on the merits. ECF No. 4 at PageID.24. Indeed, at the hearing before the Bankruptcy Court on DRF's motion, DRF argued that although the stay was automatic, there was no basis for it to be in place because state courts had already determined that Crigler was not the owner of the Carlisle Property. *In re Crigler*, No. 24-45427, ECF No. 29. Judge Randon focused his questions to the parties on the details of the state-court proceedings and asked Crigler if she had raised the same arguments in state court. *Id.* Crigler replied that she had raised those arguments before, but unsuccessfully. *Id.* Upon finding that the state court had already considered and ruled on Crigler's arguments, and that he had no ability to overrule the state court, Judge Randon granted DRF's motion, waiving the stay. *Id.* In short, the Bankruptcy Court found was no reason for DRF to be prevented from exercising its rights in state court when there was nothing left to litigate.

Crigler's appeal before this Court likewise focuses on the ownership of the Carlisle Property rather than the Bankruptcy Court's decision. She emphasizes the same arguments she made before: that the deed was provided in error, and that the state courts have not properly considered her rights in the property. ECF No. 7 at PageID.43. She does not argue that the Bankruptcy Court abused its discretion. *Id.* Rather, she writes that the "motion should not have been granted due to equity and fairness." *Id.* She emphasizes, "The real ownership of the property needs to be properly litigated." *Id.* But here, Crigler faces the same problem that she faced in

- 7 -

Bankruptcy Court: the real ownership of the property already *has* been litigated in state court, and it may not be relitigated in a bankruptcy proceeding. *See Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013); *Phinisee v. Rogers*, 582 N.W.2d 852, 854 (Mich. Ct. App. 1998).

Upon review of the bankruptcy record submitted to this Court, the motions and responses, the briefs from both parties, and the oral argument before the Bankruptcy Court, this Court finds that it was not a clear error of judgment to grant relief from the stay, and thus the Bankruptcy Court did not abuse its discretion. To the contrary, it was reasonable to waive the stay in light of evidence that the Bankruptcy proceedings would not change the fact that Crigler did not have a right to the property she sought to protect. As such, this Court will affirm the Bankruptcy Court's order granting relief from the automatic stay.

## IV. MOTION FOR INJUNCTION

In addition to appealing the order granting relief from the stay, Crigler also filed a motion "for an injunction during the appeal process." ECF No. 12 at PageID.52. However, the motion merely states that she has appealed the Bankruptcy Court's waiver of the automatic stay, and that DRF nonetheless continued to file motions in state court. *Id.* In essence, it appears that Crigler wants a new stay to be entered while this Court decides whether the Bankruptcy Court erred in granting relief from the stay. *Id.* at PageID.52–53. But this Court finds the Bankruptcy Court

did not abuse its discretion, and thus, Crigler did not succeed on the merits of her appeal of the order. Her motion will be denied as moot.

## V. CONCLUSION

Accordingly, it is **ORDERED** that the Bankruptcy Court's Order Granting Relief from Automatic Stay, *Crigler v. Detroit Renaissance Fund, LLC*, No. 24-45427 (Bankr. E.D. Mich. June 25, 2024), is **AFFIRMED**.

It is further **ORDERED** that Appellant's Motion for Injunction, ECF No. 12, is **DENIED AS MOOT**.

**This is a final order that closes the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: July 23, 2025